UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-50625-JWC |
| | : | |
| JANIS RILEY ALLEN, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT, AND FOR HEARING**

      **PLEASE TAKE NOTICE THAT** on July 15, 2021, S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of Janis Riley Allen (the "**Debtor**"), filed a *Motion for Order Authorizing Compromise and Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 85] (the "**Settlement Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee and Debtor (collectively, the "**Parties**") wherein, *inter alia*,[1] Debtor shall pay a total of $26,300.00 (the "**$26,300.00 Settlement Funds**") to Trustee for the inchoate interests of the Bankruptcy Estate in certain improved real Properties[2]—one with common address of 231 Belletta Drive, Canton, Georgia, and the other located on Canton Street, Cherokee County, Georgia.[3]  In return, the inchoate interests of the Bankruptcy Estate in and to the Properties shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $26,300.00 Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order becoming final.  In addition, the Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $26,300.00 Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate. Moreover, effective upon the Settlement Approval Order becoming final, Debtor shall waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the $26,300.00 Settlement Funds on account

---

[1]     The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[3]     Trustee estimates that the proposed settlement will allow him to make a meaningful distribution to holders of timely filed, unsecured claims.

16813316v1

of exemptions asserted by or on behalf of Debtor, if any, in the Properties, the inchoate interests in the Properties, or the $26,300.00 Settlement Funds. The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Motion

Pursuant to General Order No. 24-2018, the Court may consider these matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in the Settlement Motion, you must timely file your objection with the Bankruptcy Clerk** at: Bankruptcy Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and serve a copy on the Trustee's attorney, Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Settlement Motion has been scheduled for **August 19, 2021 at 11:00 a.m.**, **Courtroom 1203**, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearings, the hearings will be held at the time and place as scheduled.

*Given the current public health crisis, <u>hearings may be telephonic only</u>. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone."*

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: July 15, 2021.

                                                ARNALL GOLDEN GREGORY LLP
                                                *Attorneys for Trustee*

                                                By:<u>/s/ Michael J. Bargar</u>
                                                    Michael J. Bargar
                                                    Ga. Bar No. 645709

Arnall Golden Gregory, LLP                  michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500

16813316v1