

**IT IS ORDERED as set forth below:**

**Date: August 11, 2021**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

**Signed as Revised by the Court**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 19-50625-JWC |
| | : | |
| JANIS RILEY ALLEN, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT UNDER RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

On July 15, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Janis Riley Allen ("**Debtor**"), filed his *Motion for Order Authorizing Compromise and Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 85] (the "**Settlement Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement**

16930392v1

**Agreement**") between Trustee and Debtor (collectively, the "**Parties**") wherein, *inter alia*,[1] Debtor shall pay a total of $26,300.00 (the "**$26,300.00 Settlement Funds**") to Trustee for the inchoate interests of the Bankruptcy Estate in certain improved real Properties[2]—one with common address of 231 Belletta Drive, Canton, Georgia, and the other located on Canton Street, Cherokee County, Georgia.[3]  In return, the inchoate interests of the Bankruptcy Estate in and to the Properties shall be deemed abandoned upon the later of: (a) Trustee's receipt in full of the $26,300.00 Settlement Funds from Debtor in good funds; or (b) the Settlement Approval Order becoming final.  In addition, the Parties stipulate and agree that Debtor shall not have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $26,300.00 Settlement Funds, or for any reason, and that neither Debtor nor any of her affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.  Moreover, effective upon the Settlement Approval Order becoming final, Debtor shall waive any and all obligations that the Bankruptcy Estate may otherwise have to pay to Debtor out of the $26,300.00 Settlement Funds on account of exemptions asserted by or on behalf of Debtor, if any, in the Properties, the inchoate interests in the Properties, or the $26,300.00 Settlement Funds.  The exact terms of the Settlement Agreement are set forth in Exhibit "A" to the Settlement Motion.

Also on July 15, 2021, Trustee filed *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 88] (the "**Notice**") regarding the Settlement Motion, in accordance with

---

[1]  The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.

[3]  Trustee estimates that the proposed settlement will allow him to make a meaningful distribution to holders of timely filed, unsecured claims.

General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on July 15, 2021.  [Doc. No. 89].

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018.  No objection to the Settlement Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Settlement Motion and all other matters of record, including the lack of objection to the relief requested in the Settlement Motion, and, based on the foregoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Settlement Motion, it is hereby

**ORDERED** that the Settlement Motion is **GRANTED**: the Settlement Agreement is **APPROVED**, and its terms are incorporated herein by reference. It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement and the Settlement Motion.  It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

16930392v1

**Order prepared and presented by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Telephone:  (404) 873-8500
michael.bargar@agg.com

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Karmel Sunzette Davis
Karmel S. Davis & Associates
3379 Hwy 5, Ste A
Douglasville, GA 30135

Karmel Sunzette Davis
Karmel S. Davis & Associates
P. O. Box 5736
Douglasville, GA 30154

Janis Riley Allen
4600 Egret Court
Austell, GA 30106

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

16930392v1